# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division



| | |
|---|---|
| Eric Roundtree,<br>    Petitioner, | )<br>)<br>) |
| v. | )    1:14cv654 (LMB/IDD) |
| Ed Wright,<br>    Respondent. | )<br>)<br>) |

## MEMORANDUM OPINION

Eric Roundtree, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of possession with intent to distribute cocaine entered on a plea of guilty in the Circuit Court for the City of Portsmouth. On September 2, 2014, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K, and after receiving an extension of time petitioner submitted a traverse on October 15, 2014. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed with prejudice.

### I. Background

At a hearing on July 22, 2011, Roundtree entered a negotiated plea of guilty to possession with intent to distribute a schedule II controlled substance, and a charge of transporting a schedule II substance into the Commonwealth was *nolle prosequi*. Prior to the hearing, Roundtree had completed and executed a guilty plea questionnaire, and at the hearing the court engaged Roundtree in a detailed plea colloquy. Resp. Ex. 1, Sub-Ex. A, D. At a

1

hearing on September 26, 2011, Roundtree received a sentence of twenty-five (25) years imprisonment with five (5) years suspended, and was ordered to pay a fine of $10,000.00. Resp. Ex. 1, Sub-Ex. E at 24.

On direct appeal to the Court of Appeals of Virginia, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), along with a motion to withdraw. The sole arguable error cited was that the trial court abused its discretion in sentencing Roundtree to twenty-five years active incarceration. On review, the appellate court rejected this argument and found the appeal to be "wholly frivolous." Roundtree v. Commonwealth, R. No. 2091-11-1 (May 9, 2012). No petition for further review was filed with the Supreme Court of Virginia.

On May 14, 2013, Roundtree timely filed a petition for a state writ of habeas corpus in the trial court, raising the following claims:

1. He received ineffective assistance of counsel when his attorney failed to conduct a pretrial investigation of the case and to interview Brian Meeks.

2. He received ineffective assistance of counsel when his attorney failed to move to suppress evidence.

3. His plea was rendered involuntary and counsel provided ineffective assistance because he was misled as to the sentencing provision of the plea agreement.

4. He received ineffective assistance of counsel when his attorney failed to investigate mitigating evidence prior to sentencing and to challenge inflammatory and unproved statements made by the prosecutor at sentencing.

5. He received ineffective assistance of appellate counsel because his attorney failed to properly perfect an appeal on his behalf.

The trial court rejected each of Roundtree's arguments in a detailed Final Order dated

July 29, 2013. Roundtree v. Clark, Case No. CL 13001781-00; Resp. Ex. 3. Roundtree's petition for appeal of that result was refused by the Supreme Court of Virginia on April 24, 2014. Roundtree v. Wright, R. No. 131273 (Va. Apr. 24, 2014); Resp. Ex. 4.

Roundtree then turned to the federal forum and timely filed the instant application for § 2254 relief on May 9, 2014, reiterating the same claims he raised in the state habeas corpus action. As noted above, respondent has filed a Rule 5 Answer and a Motion to Dismiss the petition, and petitioner has filed a reply. Accordingly, this matter is now ripe for disposition. For the reasons which follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed with prejudice.

## II. Procedural Bar

In Claim 3 of his federal petition, Roundtree argues in part that his guilty plea was rendered involuntary when counsel misled him regarding the sentencing provision of the plea agreement. When Roundtree made this same contention in the state habeas proceeding, the court held that "such a claim is trial error and not cognizable in habeas corpus. ... Slayton v. Parrigan, 215 Va. 27, 29, 2005 S.E.2d 680, 682 (1974). Because the voluntariness of petitioner's plea could have been raised on appeal, but was not, the procedural bar set forth in Slayton applies to petitioner's claim." Resp. Ex. 3, ¶ 16.

On federal habeas corpus review, a state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v.

3

Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has consistently held that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, the Virginia court's express finding that Slayton barred review of Roundtree's challenge to the voluntariness of the plea agreement also precludes federal review of that claim. Clanton, 845 F.2d at 1241.

Federal courts may not review a procedurally barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). In his traverse, petitioner makes no attempt to show cause and prejudice for the procedural default of his involuntariness claim, and instead argues only that the claim has merit. Dkt. 17 at 8-10. Accordingly, petitioner's challenge to the voluntariness of his plea is procedurally defaulted from federal review.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is

"contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

In all of his cognizable federal claims, Roundtree argues that he received ineffective assistance of counsel in connection with his guilty plea. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of

5

reasonable professional assistance." Id. at 689. To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petitioner "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233.

The Strickland test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000). In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is

6

bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

In his first claim, Roundtree argues that his counsel provided ineffective assistance by failing to interview Brian Meeks as part of his pretrial investigation. The state court rejected this contention because Roundtree affirmed orally and in writing that he was satisfied with counsel's services and had no witnesses he wished to call to testify. In addition, Roundtree failed to proffer an affidavit from Meeks detailing the testimony he would have offered, an omission that was "fatal to [his] claim." Resp. Ex. 3 at 7; see Muhammad v. Warden, 274 Va. 3, 19, 646 S.E.2d 182, 195 (2007) (failure to proffer affidavits regarding testimony witness would have offered is fatal to Strickland claims).[1] In his traverse to the respondent's Motion to Dismiss, petitioner expressly "abandons" this claim "as he is unable to obtain an affidavit from Bryan Meeks regarding what he would have told counsel." Dkt. 17 at 7. Accordingly, Claim 1 of the petition will be dismissed.

In his second claim, Roundtree argues that he received ineffective assistance of counsel when his attorney failed to move to suppress evidence. The state trial court found this claim to be without merit, as follows:

> 10. The Court finds that the petitioner's claim 2, which alleges counsel was ineffective because counsel did not move to suppress evidence recovered from his person or statements he made to the police, is without merit. In Roundtree's plea colloquy the trial court specifically addressed this issue with the petitioner:
>
> Court: And without telling me what might have been said,

---

[1] Because the trial court's order was the last reasoned state court decision on the claims at issue, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

> have you made any sort of statement, either written or oral, to the police or any other law enforcement representative about this matter?
>
> Roundtree: Yes, sir.
>
> Court: And you've been over the circumstances under which that occurred with Mr. Broccoletti?
>
> Roundtree: Yes, sir.
>
> 11. The colloquy demonstrates Roundtree had discussed this issue with his attorney, and he was still satisfied by his attorney's services. Roundtree has not offered this Court a valid reason why it should permit him to controvert his prior averments that he was satisfied with counsel's representation.

Resp. Ex. 3 at 9. The court also determined that the claim failed on the merits, because Roundtree had failed to plead sufficient facts to demonstrate that a suppression motion was warranted. Thus, "[b]ecause there was no basis to file a suppression motion, doing so would have been futile. Counsel's performance was not deficient for failing to file a futile motion, nor was Roundtree prejudiced by counsel's failure to file a futile motion." Id. at 10.

Review of the record reveals that the state court's foregoing holding represented a reasonable determination of the facts. At the plea colloquy, in addition to the statement quoted in the state court's order, Roundtree acknowledged that he had had ample opportunity to discuss and prepare the case with his attorney, and that he had told counsel everything necessary to represent him properly. Further, Roundtree stated that he was satisfied with the services of his attorney, he had no witnesses he wished to call to testify, and he had made up his own mind after consulting with counsel that it was in his best interest to plead guilty. Tr. 7/22/11 at 5. Roundtree has offered no clear and convincing evidence which would call into question these sworn declarations. Cf. Beck, 261 F.3d at 396. Thus, the court's conclusion that Roundtree's

8

statements foreclosed his ability to challenge counsel's performance in collateral proceedings was in accord with applicable federal authority. Blackledge, 431 U.S. at 73-74. The state court's alternate holding that counsel had no duty to file a frivolous motion likewise comports with controlling federal principles. See Moody v. Polk, 403 F.3d 141, 151 (4th Cir. 2005) (holding counsel not required to file frivolous motions). Under these circumstances, claim two of this petition warrants no federal relief. Williams, 529 U.S. at 412-13.

In the cognizable portion of his third claim, Roundtree asserts that he received ineffective assistance of counsel because he was misled as to the sentencing consequences of the plea agreement. The state court found this allegation to be meritless, as follows:

> 17. To the extent claim 3 raises an allegation of ineffective assistance of counsel, the Court finds such a claim is without factual basis in the record. Roundtree contends counsel misled him with regard to the sentence he would receive if he pled guilty. Relying on a July 9, 2011 plea offer letter from the Commonwealth Attorney, Roundtree contends he accepted this offer and had agreed to a 10 year sentencing cap. Roundtree's plea agreement, however, clearly states on the same page as Roundtree's signature 'there is no agreement as to sentencing.' In his habeas petition, Roundtree also acknowledged trial counsel explained counsel 'could not promise [Roundtree] a specific sentence as it would ultimately be up to the judge, as to whether he accepted the plea agreement and what he chose to sentence [Roundtree] to.'

> 18. Moreover, the trial court explicitly addressed this issue in the plea colloquy explaining, 'there is no agreement as to sentencing, which means that the Court will impose whatever sentence it thinks is appropriate.' The Court confirmed, 'That's your agreement with the Commonwealth's Attorney?' Roundtree replied, 'Yes, sir.' The Court's straightforward explanation of the terms of the plea agreement in this case ensured that Roundtree was aware of the terms of his plea. [FN] Under these circumstances, the Court finds petitioner cannot now maintain he was unaware of the contents of his plea agreement. ... See Blackledge, 431 U.S. at 74 ("Solemn declaration in open court carry a strong presumption of verity.')

> FN: This sequence of the plea colloquy also precludes a finding of prejudice. Even assuming, arguendo, that trial counsel had misadvised the petitioner regarding sentencing, the trial court's colloquy remedied any misadvice of counsel. Cf. United States v. Foster, 68 F.3d 86 (4th Cir. 1995) ('even if Foster's trial counsel provided Foster with incorrect information about sentencing, Foster was in no way prejudiced by such information given the trial court's careful explanation of the potential severity of the sentence.').

19. Additionally, Roundtree has not alleged sufficient facts to demonstrate he was prejudiced by counsel's alleged deficient performance. Under Hill, Roundtree's stand-alone assertion that he would not have pled guilty and insisted on going to trial if he had understood the plea agreement is insufficient to show prejudice. Hooper, 845 F.2d at 475. Roundtree must also satisfy the Court that an objectively reasonable defendant in his position would have insisted on going to trial. Id.

20. The Court finds the evidence against Roundtree was overwhelming. He was arrested with a large amount of cocaine on his person. The certificate of analysis was introduced as part of the Commonwealth's proffer at the guilty plea hearing, and the Commonwealth's witness proffered that he would opine as an expert in the sale distribution and manufacturing of drugs that the amount of cocaine found on Roundtree was inconsistent with personal use. Furthermore, Roundtree himself voluntarily admitted to the police that he was selling cocaine, and in fact, was trying to increase his sales.

21. Moreover, had Roundtree refused the plea deal, the Commonwealth would also have proceeded on the transporting cocaine charge, doubling Roundtree's potential jail sentence. Given the strength of the Commonwealth's case and the risk of significantly greater jail time, a reasonable defendant in Roundtree's situation would not have proceeded to trial. See Meyer v. Branker, 506 F.3d 358, 369-70 (4th Cir. 2007) (finding no prejudice where defendant had not convinced the court it would have been objectively reasonable to insist on going to trial when there was virtually no chance to succeed on the merits at trial).

22. The Court finds Roundtree has failed to establish both deficient

> performance and prejudice within the meaning of Strickland, and consequently, claim 3 should be dismissed.

Resp. Ex. 3 at 11-13.

For the reasons which were clearly articulated by the state court, its rejection of Roundtree's claim that counsel rendered ineffective assistance by misleading him as to the sentencing provision of the plea agreement was both factually reasonable and in accord with the federal authorities upon which it expressly relied. In his traverse, petitioner argues that the state court erred in relying on the plea colloquy, because petitioner was answering the court's questions in the belief that while he understood "that there was no promise as to a specific sentence," he believed based on counsel's explanations to him that "he would receive a 10-year sentencing cap in which the Judge could sentence him to anywhere in between 10-years." Dkt. 17 at 9. However, the transcript of the plea colloquy reflects the following exchange:

> THE COURT: And there is no agreement as to sentencing, which means that the Court will impose whatever sentence it thinks is appropriate, after we've considered the presentence report and any other evidence that you might choose to present or the Commonwealth might choose to present at the sentencing hearing. That's your agreement with the Commonwealth's attorney?
>
> PETITIONER: Yes, sir.

Tr. 7/22/11 at 10. The petitioner's argument here that he had some subjective belief that, contrary to the plain language quoted above, the court was constrained by a sentencing agreement that capped the sentence at 10 years amounts to nothing more than a conclusory allegation which is unsupported by the record, and it thus is insufficient to overcome the principle that petitioner is bound by his representations at the colloquy. Cf. Beck, 261 F.3d at 396. Accordingly, the state court's decision to deny relief on this claim must be allowed to stand. Williams, 529 U.S. at 412.

In his fourth claim, Roundtree contends that he received ineffective assistance when his

11

attorney failed to investigate and present mitigating evidence at sentencing. The state court rejected this contention on the following holding:

> 23. The Court finds the petitioner's claim 4, which alleges trial counsel was ineffective for failing to investigate and present mitigation evidence at sentencing, is without merit. To be successful on this claim, petitioner must allege 'what an adequate investigation would have revealed.' Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990). See also Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) ('an allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced.'). Roundtree, however, does not proffer what an adequate investigation would have revealed. This failure to proffer is fatal to his claim. Cf. Muhammad, 274 Va. at 18, 646 S.E.2d at 195 (failure to proffer affidavits regarding testimony witness would have offered is fatal to Strickland claims). Under these circumstances, the Court finds Roundtree cannot meet his burden under either prong of the Strickland test. Accordingly, claim a [sic] must fail. [FN]
>
>> [FN] The Court further finds that this claim also fails on its merits. Which witnesses to present and what strategy to pursue are tactical decisions left to the discretion of trial counsel. Gonzalez v. United States, 553 U.S. 242, 249 (2008). Moreover, '[c]ounsel is not ineffective merely because he overlooks one strategy while vigilantly pursuing another.' Williams v. Kelly, 816 F.2d 929, 950 (4th Cir. 1987). Presumably, the defendant believes the witnesses from his civic league and business associates would have spoken to his good character. Trial counsel, however, did call Roundtree's wife at sentencing who testified about the petitioner's good character, and about the impact Roundtree's incarceration would have on Roundtree's family, especially his young children. (Exhibit D; Tr. 9/26/11 at 11-12). Trial counsel also persuasively argued for leniency on the basis of Roundtree's cooperation with the police. Counsel argued the imposition of a harsh sentence would send the message that cooperation with the police was not to an arrestee's advantage, and in fact, Roundtree was being penalized for his honesty and cooperation. (Exhibit D; Tr.9/26/11 at 18-20). As

> noted by the Commonwealth Attorney, this was a powerful argument. (Exhibit D; Tr. 9/26/11 at 20). Counsel reasonably chose this argument instead of presenting multiple character witnesses for the defendant. Roundtree cannot satisfy the requirements of <u>Strickland</u> under these circumstances.

Resp. Ex. 3 at 13-14.

As before, the state court's determination in the foregoing order was based on a reasonable interpretation of the record facts and was consistent with the controlling federal authorities the court cited. In his traverse, petitioner argues that because counsel failed to investigate mitigating evidence to present at sentencing, "petitioner had none to present." Dkt. 17 at 10. Patently, that assertion is belied by the record, as discussed in the quoted order. Accordingly, the state court's resolution of this issue must control here. <u>Williams</u>, 529 U.S. at 412-13.

In his fifth claim, Roundtree argued that he received ineffective assistance of appellate counsel because his attorney failed to properly perfect an appeal on his behalf. In his traverse, however, he expressly "abandons claim-5." Dkt. 17 at 11. Accordingly, the claim will be dismissed without consideration on the merits.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 3rd day of December 2014.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge